UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DR. GERALD FINKEL, as Chairman of the
Joint Industry Board of the Electrical
Industry,

                      Plaintiff,

   -against-

ALLSTAR ELECTRIC CORP. and FIRST
SEALORD SURETY, INC.,

                      Defendants.

----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

11-CV-3222 (KAM)(RER)

**MATSUMOTO, United States District Judge:**

        On July 6, 2011, Dr. Gerald Finkel, Chairman of the Joint Industry Board of the Electrical Industry ("plaintiff") commenced this action against Allstar Electric Corp. (the "Company" or "defendant"), First Sealord Surety, Inc., and Argonaut Insurance Company. (ECF No. 1, Complaint, 7/6/2011.) Plaintiff's claims against Argonaut Insurance Company were dismissed on November 23, 2011. (ECF No. 9, Stipulation of Dismissal of claims against Argonaut Insurance Company, 11/23/2011.) Plaintiff filed an Amended Complaint on May 1, 2012, which explained that the claims against First Sealord Surety, Inc., had been stayed pursuant to a Pennsylvania state court liquidation proceeding. (ECF No. 18, Amended Complaint, 5/1/2012, ¶ 2.) Plaintiff alleges that Company violated the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., and the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, by failing to make required contributions to numerous employee benefit funds and plans pursuant to two collective bargaining agreements. (ECF No. 18, Amended Complaint, 5/1/2012.)

      The clerk of court entered a notice of default against Company on June 20, 2012, because it had failed to appear or otherwise defend this action. (ECF No. 21, Clerk's Entry of Default, 6/20/2012.) Plaintiff moved for entry of default judgment against Company on November 15, 2012. (ECF No. 22, Motion for Default Judgment as to Allstar Electric Corp., 11/15/2012.) On April 1, 2013, the court referred the motion for default judgment to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation. (*See* Order Referring Mot., 4/1/2013.) On July 1, 2013, Magistrate Judge Reyes issued a Report and Recommendation, in which he recommended that a default judgment be entered against Company in the amount of $451,517.24, in addition to $21.42 per diem interest to run from September 1, 2012, until date of entry of final judgment. (ECF No. 27, Report and Recommendation ("R&R"), 7/1/2013.) Plaintiff served a copy of the R&R on Company, and filed proof of service of the same, on July 2, 2013. (ECF No. 29, Certificate of

Service, 7/2/2013.)

The R&R notified the parties of the right to file written objections within fourteen days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 20.) The statutory period for filing objections has now expired, and no objections to Magistrate Judge Reyes's R&R have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Reyes's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Reyes's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court.

Accordingly, judgment should be entered against defendant Allstar Electric Corp. as follows:

    (1)     $206,970.57 in unpaid benefit contributions;

    (2)     $53,632.60 in the audit deficiency;

    (3)     $20,212.62 in interest on all unpaid contributions and the audit deficiency, plus a per diem rate of $21.42 running from September 1, 2012 until the entry of final judgment;

    (4)     $22,159.99 in interest on late-paid contributions;

    (5)     $142,020.25 in liquidated damages;

    (6)     $6,521.21 in attorney's fees and costs;

    (7)     post-judgment interest pursuant to 28 U.S.C. § 1961.

The total amount of the judgment to be entered against defendant Allstar Electric Corp. will thus be $451,517.24, in addition to interest to run at a per diem rate of $21.42 from September 1, 2012 until the entry of final judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961.

**SO ORDERED.**

Dated:    September 9, 2013
           Brooklyn, New York

                                 _____ ___/s/_____
                                   Kiyo A. Matsumoto
                                   United States District Judge